### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF SOUTH CAROLINA
### BEAUFORT DIVISION

| | | |
|---|---|---|
| Salvador Solis Juan, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 9:06-3601-CWH |
| | ) | |
| versus | ) | |
| | ) | |
| Hitachi Koki USA, Ltd., Anchor Hardware, Inc., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the plaintiff's motion to remand this case to the South Carolina state court in Jasper County. This action arises out of the loss of an eye suffered by the plaintiff as the result of nails ejecting from the side of a coil nailer. This matter is ready for disposition.

On August 25, 2006, the plaintiff filed this action against Hitachi Koki USA Ltd ("Hitachi"), the manufacturer, and against Anchor Hardware, Inc. ("Anchor"), the seller, in the Jasper County Court of Common Pleas. Hitachi is a citizen of the state of Delaware. The plaintiff and Anchor are citizens of South Carolina. On December 22, 2006, Hitachi filed notice of removal claiming that Anchor has been fraudulently joined. On January 9, 2007, the plaintiff filed a motion to remand, claiming that this court lacks diversity jurisdiction.

To sustain diversity jurisdiction, all citizens on one side of the controversy must be citizens of different states from all parties on the other side. City of Indianapolis v. Chase Nat'l Bank, 314 U.S. 63, 69 (1941). However, when fraudulent joinder has been shown, the citizenship of the fraudulently joined defendant may be disregarded for diversity purposes.

Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993).  To show fraudulent joinder, a defendant bears the heavy burden of demonstrating that "there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court," or that there is "outright fraud in the plaintiff's pleading of jurisdictional facts."  Hartley CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir. 1999).  There has been no allegation of outright fraud in the plaintiff's pleading of jurisdictional facts.  Thus, the court must determine whether there is "no possibility" that the plaintiff would be able to establish a cause of action against Anchor, even after resolving all issues of law and fact in favor of the plaintiff.  Id.  In South Carolina, a seller of a defective product may be liable for injury to the user.  S.C. Code Ann. §15-73-10.

On November 22, 2006, in the office of the plaintiff's counsel, counsel for Hitachi inspected the NV 83A2 coil nailer with the serial number 651862.  Hitachi has produced an affidavit of Jeff Paul, owner of Anchor, stating that Anchor did not sell the NV83A2 coil nailer with the serial number 651862.

The plaintiff alleges that he is unsure whether the NV 83A2 coil nailer with a serial number of 651862 is the coil nailer that injured him.  In addition, Abraham Jaramillo, alleged to be the plaintiff's employer, has sworn in an affidavit that he purchased all of his coil nailers from Anchor.  When deciding fraudulent joinder, the court should resolve all issues of fact and law in favor of the plaintiff.  Hartley CSX Transp., Inc., 187 F.3d at 424.  Whether Anchor sold the defective coil nailer is an issue of fact, and this issue must be resolved in the plaintiff's favor.

Hitachi has failed to show that "there is no possibility that the plaintiff would be able to establish a cause of action against [Anchor] in state court."  Id.  Therefore, the defendant Anchor is a properly joined defendant, and the plaintiff's motion to remand is granted.

AND IT IS SO ORDERED.

_____
**C . WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

March 29, 2007
Charleston, South Carolina